IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**DARIUS HENNING**,

          Petitioner,

**v.**

**UNITED STATES OF AMERICA,**

          Respondent.

Civil No.:   1:16-CV-146
Criminal No.: 1:15-CR-29
**(JUDGE KEELEY)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 30, 2016, Darius Jordan Henning ("Petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 1:16-CV-146, ECF No. 1; Criminal Action No. 1:15-CR-29, ECF No. 62).[1] On July 25, 2016, in compliance with a Notice of Deficient Pleading, Petitioner filed his § 2255 Motion on the court approved form. ECF No. 66. On October 11, 2016, Respondent filed its response to Petitioner's § 2255 Motion. ECF No. 75. Petitioner did not file a reply. On October 24, 2016, Petitioner filed a *pro se* Motion to have counsel appointed and to amend his Pre-Sentence Report ("PSR").[2] ECF No. 77. On October 28, 2016, Petitioner's Motion for Appointment of Counsel was denied, and he was notified that to properly challenge his PSR, he must raise the issue in a Habeas Corpus Petition pursuant to 28 U.S.C. § 2241. ECF No. 79.

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action Number 1:15cr29.
[2] Petitioner maintains that he is being held in a USP because the PSR refers to a brandishing charge.

The undersigned now issues this Report and Recommendation on the Petitioner's Motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

## II. FACTS

### A. Conviction and Sentence

Petitioner was the sole defendant charged in a two count indictment which was returned on March 3, 2015. In Count One, Petitioner was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In Count Two, Petitioner was charged with possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924 (a)(2).  ECF No. 1.

On March 31, 2015, the Government tendered a proposed plea agreement to Petitioner for Count One, the felon in possession charge. ECF No. 75-1. On April 29, 2015, Petitioner sent a letter, in his own right, to the Respondent in which he expressed displeasure with his attorney and indicated that he was not going to enter a guilty plea. ECF No. 75-2. In response to the letter, Petitioner's counsel filed a motion seeking new counsel and a status conference on the merits of the motion. ECF No. 20. On May 12, 2015, the status conference was conducted during which Petitioner indicated he wanted Mr. Walker to remain as his attorney. Accordingly, the motion was denied as moot. ECF No. 23.

On May 18, 2015, Petitioner's Rule 11 hearing was scheduled before the Honorable John S. Kaull, United States Magistrate Judge. ECF No. 55. Petitioner intended to plead guilty to the two count indictment and not the plea offer tendered by

the government. Id. at 4-5. While there was no written plea agreement, there was an oral agreement between Petitioner, the United States, and the Harrison County Prosecuting Attorney's Office that the state would dismiss the pending state charges if the Petitioner pleaded guilty in federal court. Id. at 5-6.

During the Rule 11 hearing, Petitioner stated he had no physical, emotional, psychological, or psychiatric condition affecting his ability to make his own decisions about this case. ECF No. 55 at 10-11. Petitioner also stated that his trial counsel did everything asked by Petitioner and addressed all of his concerns. Id. at 13-16. Petitioner informed the Court that trial counsel did everything he should have done in his representation of Petitioner. Id. at 19. The Court then questioned the Petitioner about sentencing, and Petitioner answered that he expected his sentence to be eighty-four months of imprisonment. Id. at 19. Trial counsel clarified to the Court that he rendered his opinion, not a guarantee, of what he thought the low end of the advisory guideline range would reflect based upon his calculations. Id. at 20. Petitioner then stated that he was nervous, did not like the way things were going, and did not wish to continue with the hearing. After expressing his understanding that his case would continue to trial, the hearing was recessed. Id. at 21-22.

On May 21, 2015, Petitioner's second plea hearing commenced in front of the Honorable Irene M. Keeley, United States District Judge. ECF No. 56. During this hearing, the Court, the parties and the United States Probation Officer discussed Petitioner's potential sentence and factors that could enhance his sentence. Id. at 12-15. The parties and the probation officer agreed that Petitioner's base offense level would be at a minimum of 20 and could be as high as a 24, based upon prior violent

offenses. Id. 11-12. Petitioner's trial counsel then advised the Court, in the Petitioner's presence, that he thought Petitioner would receive a two level increase at sentencing for possessing a stolen firearm. Id. at 12-13. The Court then explained to Petitioner that there are two things that most impact a sentence in federal court. The first is the type of offense, and the Court advised Petitioner that although he had two offenses, they would be grouped together so they are counted like one. However, he would get a two level increase because the gun was stolen. Id. at 14. Petitioner responded that he understood. Id. at 15. The second critical sentence factor is criminal history, and the Court noted that Petitioner had a long criminal history, which would drive his sentence up. Petitioner acknowledged that he understood. Id. at 14-15.

Petitioner, for the second time, stated that his attorney had adequately represented him, and he was satisfied with the representation he received. Id. at 27. Petitioner then pleaded guilty to the two counts with no written plea agreement. Id. at 25-26. On September 14, 2015, Petitioner was sentenced to a term of 63 months imprisonment followed by 3 years of supervised release. ECF No. 44.

**B. Appeal**

On September 22, 2015, Petitioner filed his Notice of Appeal with the Fourth Circuit Court of Appeals. ECF No. 47. On September 23, 2015, the Court of Appeals appointed the Federal Public Defender to represent Petitioner. ECF No. 50. Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), conceding there were no meritorious grounds for appeal, but suggesting as a possible issue for review whether the district court committed a reversible error when it declined to impose a downward variant sentence to account for time Petitioner will serve in state

custody for parole revocation for conduct related to his federal crime. ECF No. 59. Petitioner also filed a pro se supplemental brief asserting he received ineffective assistance of counsel. ECF No. 59. The Fourth Circuit affirmed Petitioner's conviction and sentence finding no meritorious issues for appeal. United States v. Henning, 641 Fed. Appx. 270 (4th Cir. 2016). More specifically, the Fourth Circuit concluded that Petitioner's sentence was reasonable, and the district court correctly calculated his Guidelines range and adequately explained its reasons for imposing the 63-month, within-Guidelines sentence. In addition, the Fourth Circuit found no reversible error in the district court's failure to impose a downward variant sentence because counsel never requested a downward variant sentence. Finally, the Fourth Circuit found that ordering Petitioner's federal sentence to run consecutive to any state sentence he was then serving was consistent with the Guidelines, and the district court thoroughly justified its sentence under the § 3553(a) factors.

### C. Federal Habeas Corpus

In his § 2255 Motion, Petitioner raises three grounds for relief, all of which involve claims of ineffective assistance of counsel. First, he alleges that trial counsel was ineffective for failing to advise him that he would receive a two-level enhancement for possessing a stolen weapon. Second, he alleges that trial counsel was ineffective for not seeking a plea agreement. Finally, he alleges that trial counsel was ineffective for not seeking a downwards departure based on his extensive psychological problems. ECF No. 66.

The Government contends Petitioner's claims are without merit and should be dismissed because (1) the record is clear that trial counsel, and the district court both

advised Petitioner that a two-level enhancement would apply as a result of the stolen firearm at his sentencing hearing; (2) the Government tendered a plea agreement, which the Petitioner rejected; and (3) there is no evidence in the record for trial counsel to seek a downward variance for psychological issues.  ECF No. 75.

### III.   ANALYSIS

#### A. Petitioners Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a Petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 at 2 (E.D. Va. Jan. 4, 2006).

#### B. Procedurally Barred Claims

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 Fed 2d 1182, 1183 (4th Cir. 1976). See also Herman v. United States, 227 Fed 2d 332 (4th Cir. 1995). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates: 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not

require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 95 F.3d 192 (4th Cir. 1999), cert denied, 528 U.S. 1096 (2000).[3]

### C. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must show that counsel was objectively unreasonable. Strickland, 466 U.S. at 688. In other words, the defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment." Id. at 687. However, a reviewing court does not "grade" the counsel's performance and a strong presumption exists that the "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Principally, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance from counsel's perspective at the time." Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002).

---

[3] In its decision denying Petitioner's appeal, the Fourth Circuit noted: [t]o the extent Henning argues that trial counsel was ineffective, we conclude that he has not made the requisite showing to assert an ineffective assistance claim on direct appeal and that this claim should be raised, if at all, in a motion under 28 U.S.C. § 2255 (2012)." Henning, 641 Fed.Appx. 270 at fn 1.

7

To satisfy the "prejudice" prong, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. Id. at 691. The Fourth Circuit has recognized that, if a defendant "cannot demonstrate the requisite prejudice, [then] a reviewing court need not consider the performance prong" and vice versa. Fields, 956 F.2d at 1297.

   1. **Petitioner's claim of ineffective assistance of counsel regarding failure to advise Petitioner of the two level gun enhancement lacks merit because the record clearly establishes Petitioner understood the two level enhancement was going to apply to his case.**

Petitioner argues his counsel was ineffective because counsel did not advise him he would receive a two level enhancement under the Guidelines for possession of a stolen firearm. ECF No. 56 at 12-13. However, Petitioner has failed to demonstrate that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-691. Here, Petitioner's trial attorney advised the Court, in the Petitioner's presence, that he thought Petitioner would receive a two level increase for possessing a stolen firearm. ECF No. 56 at 12-13. In the second plea hearing, the following exchange occurred:

> Court: You get a two level increase because the gun was stolen, right? Do you understand that?
>
> Petitioner: I do.

Id. at 14-15. Petitioner acknowledged, under oath, that he understood he would receive a two level enhancement because the gun was stolen. The record is clear that trial counsel and the Court both advised Petitioner that a two level enhancement would apply at his sentencing hearing. Because Petitioner cannot establish counsel's

8

performance was deficient, the Court does not need to review the prejudice prong. Fields, 956 F.2d at 1297. Accordingly, Petitioner's claim for ineffective assistance of counsel regarding failure to advise the Petitioner of the two level enhancement lacks merit.

> **2. Petitioner's claim of ineffective assistance of counsel regarding failure to seek plea agreement has no merit because the Petitioner is unable to bargain away the two level firearm enhancement for possessing a stolen firearm.**

Petitioner's argument that trial counsel was ineffective for failing to seek a plea agreement to nullify the two level firearm enhancement received at sentencing is also without merit. Again, Petitioner has failed to establish counsel's representation was deficient, and Petitioner's assertion contradicts the record and is incorrect as a matter of law. First, the Government tendered to Petitioner a plea agreement for felon in possession of a firearm. The record is clear Petitioner received the plea agreement and had knowledge of the plea offer because of his letter dated April 27, 2015, wherein Petitioner rejected the plea offer. ECF No. 75-2. Accordingly, Petitioner's assertion that counsel was ineffective for failing to seek a plea agreement is contradicted by said letter. Second, Petitioner's assertion that a plea agreement with the government would have nullified the two level firearm enhancement for possession of a stolen firearm is clearly erroneous. The United States Sentencing Guidelines ("USSG") for both Counts of the indictment, specifically USSG 2K2.1(b)(4) requires a two level enhancement if the firearm involved in the offense was stolen. Accordingly, Petitioner could not bargain away the two-level enhancement for possessing a stolen firearm which was appropriately applied at sentencing.

### 3. Petitioner's claim of ineffective assistance of counsel regarding failure to seek variance at sentencing lacks merit because he failed to argue he has any extensive psychological problems.

Petitioner argues trial counsel was ineffective for not requesting a downward departure, or variance, at sentencing. In support of this argument, Petitioner claims for the first time that he has extensive psychological problems. However, Petitioner's argument is contradicted by the record.

During his Rule 11 hearing on May 18, 2015, the court questioned him about any existing mental and psychological issues. Petitioner responded that he had not been treated for a mental, psychiatric or psychological problem, and he had no physical, emotional, psychological, or psychiatric condition affecting his ability to hear, understand, respond to questions, communicate with counsel, or make decisions in his case. ECF No. 55 at 9-11. Aside from Petitioner's bald assertion in his § 2255 motion that he suffers from extensive psychological problems, there is simply no evidence in the record from which trial counsel could have sought a variance for psychological issues. Accordingly, Petitioner has failed to establish that counsel's performance was deficient.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 1:16-CV-146, ECF No. 1, 5; Criminal Action No. 1:15-CR-29, ECF No. 62, 66] be **DENIED** and **DISMISSED**. In addition, the undersigned recommends that Petitioner's Motion for an Evidentiary Hearing and Status Update

[Civil Action No. 1:16-CV-146, ECF No. 20 No. 81; Criminal Action No. 1:15-CV-CR-29, ECF No. 81] be **DENIED AS MOOT**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable IRENE M. KEELEY, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.  The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 23, 2017

*s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE